FILED

2020 Jun-22  AM 09:23
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

TIMOTHY WADE DOSS,                    )
                                      )
    Petitioner,                       )
                                      )
    vs.                               )        1:19-cv-08041-LSC
                                      )        (1:16-cr-00155-LSC-SGC-1)
UNITED STATES OF AMERICA,             )
                                      )
    Respondent.                       )

**MEMORANDUM OF OPINION**

## I.    Introduction

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Timothy Wade Doss ("Doss") on October 8, 2019.[1] (Doc. 1.) Doss challenges the 70-month sentence of imprisonment imposed after he pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doss additionally requests that the Court appoint counsel to represent him in this action. (Doc. 5.) Pursuant to § 2255(b), this Court

---

[1]     The motion was filed in the Clerk's office on October 17, 2019, but it appears that Doss placed it in the prison mail system on October 8, 2019. (*See* doc. 1 at 9.)

has conducted a review of the motions (docs. 1 & 5) and determines that they are due to be denied and this action dismissed.

## II.     Background

Doss was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He pleaded guilty to that charge on January 10, 2017. Doss was sentenced by this Court on May 9, 2017, to a term of imprisonment of 70 months, and judgment was entered on May 10, 2017. Doss did not file a direct appeal.

Doss did not file the instant § 2255 motion until October 8, 2019. He now argues that his sentence is longer than it should be because it was supposed to run concurrently, not consecutively, with his state sentence. He says he was told at his sentencing that his federal and state sentences would run concurrently, and he did not realize the federal sentence would run consecutively until he came back into federal custody and received his release date. He also argues that it was improper for this Court to order his federal sentence to be served consecutively with the state sentence because he had not yet been sentenced in state court. He alternatively requests credit for time served while he was in federal custody in holdovers and while he was at Fort Worth FMC for his psychiatric evaluation in the underlying criminal case.

On April 28, 2020, this Court ordered Doss to show cause within thirty days why his motion should not be dismissed with prejudice as untimely under 28 U.S.C. § 2255(f). Doss timely filed a response (doc. 4), primarily arguing that his conviction should be vacated due to the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Doss also filed a motion to appoint counsel. (Doc. 5.)

Doss remains in custody.

### III.   Discussion

Doss makes two principle arguments why this Court should alter his sentence. First, he argues that his sentence should be reduced because it was supposed to run concurrently with his state sentence. Second, he argues that his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) should be vacated due to the United States Supreme Court's recent decision in *Rehaif*. Specifically, he argues that: (1) the Government did not show that he both possessed a firearm *and* knew he held the relevant status as a felon when he possessed it; (2) his indictment is constitutionally invalid because it failed to state both elements mentioned in (1); and (3) his guilty plea is constitutionally invalid because the Court "misinformed [him] regarding the elements of the offense."

Doss's motion is subject to a one-year statute of limitations from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

This Court entered judgment on May 10, 2017, and Doss did not appeal. A federal criminal judgment that is not appealed becomes final for the purposes of § 2255 when the time for filing a direct appeal expires. *See, e.g.*, *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, Doss's conviction became final on May 24, 2017, fourteen days after this Court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A). Thus, Doss had until May 24, 2018, in which to file the instant § 2255 motion. Doss did not file the instant motion until October 8, 2019, which is over one year after his conviction became final, thus violating the one-year limitations period found in § 2255(f)(1).

In his response to this Court's show cause order, Doss argues that, because of the decision in *Rehaif*, both his indictment and guilty plea contain "constitutional errors." (Doc. 4.) Although Doss does not specifically speak to the timeliness of his motion, he can only proceed under § 2255(f)(3) because he filed the instant motion within one year of *Rehaif* being decided on June 21, 2019. In *Rehaif*, the United States Supreme Court held that, in prosecutions pursuant to 18 U.S.C. § 922(g), the Government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. 2191, 2194 (2019).

However, the Eleventh Circuit Court of Appeals has held that *Rehaif* did not announce a new rule of constitutional law. *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019) ("First, *Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g)." (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019)). The Eleventh Circuit further explained that even if *Rehaif* did announce a new rule of constitutional law, the new rule applies only prospectively to future cases. *Id.* ("Furthermore, the Supreme Court did not make *Rehaif* retroactive to cases on collateral review.").

Additionally, *Rehaif* was decided after Doss's sentencing. When Doss was sentenced, binding Eleventh Circuit precedent foreclosed the argument that the

Government must plead and prove a defendant's knowledge of his status as a felon. *See United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997) (holding that a defendant does not have to know of his status as a felon to be convicted of knowingly possessing a firearm after a felony conviction).

While Doss filed his § 2255 motion within one year of the issuance of *Rehaif*, the Supreme Court did not announce a new rule of constitutional law and make that rule retroactive. Ultimately, *Rehaif* does not apply retroactively to Doss's case and Doss's argument lacks merit. For these reasons, *Rehaif* does not entitle Doss to the one-year limitations period in 28 U.S. § 2255(f)(3). The remaining arguments in Doss's response about the structural error doctrine (*see generally* doc. 4) are without merit. Additionally, Doss has failed to demonstrate that his arguments about the length of his sentence (*see generally* doc. 1) are timely under § 2255(f).

Doss also requested that this Court appoint counsel to represent him in this action. Doss is advised that there is no statutory or constitutional right to counsel for a § 2255 proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (no "constitutional right to counsel when mounting collateral attacks upon . . . convictions"). Section 2255(h) provides that a court *may* appoint counsel in a § 2255 proceeding, and that such appointment of counsel is governed by 18 U.S.C. § 3006A. Under § 3006A, the court may appoint counsel in a § 2255

proceeding whenever "the interests of justice so require." Upon review of the record, Doss has failed to demonstrate that the interests of justice require this Court to appoint counsel for him in this action.

## IV.   Conclusion

As discussed above, Doss's § 2255 motion is untimely. Under § 2255(f)(1), Doss's one-year limitations period expired on May 24, 2018, approximately one (1) year and four (4) months before Doss filed the instant motion. Meanwhile, the limitations period in § 2255(f)(3) does not apply to Doss because *Rehaif* did not announce a new rule of constitutional law made retroactively applicable to cases on collateral review. For the foregoing reasons, Doss's § 2255 motion to vacate, set aside, or correct a sentence (doc. 1) and his motion to appoint counsel (doc. 5) are due to be denied and this case dismissed with prejudice.

Rule 11 of the Rules Governing § 2255 Proceedings requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See* Rule 11, Rules Governing § 2255 Proceedings. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Doss's claims do not satisfy either standard.

A separate Order consistent with this opinion will be entered.

**DONE** and **ORDERED** on June 22, 2020.

_____
L. Scott Coogler
United States District Judge

199335